■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDDIE RICHERSON, True Name EDDIE RICHARDSON, Appellant.— Appeal from a judgment of the County Court, Kings County, convicting appellant of the crime of manslaughter in the first degree, and from intermediate orders. Judgment unanimously affirmed. No opinion. No separate appeal lies from intermediate orders, which have been reviewed on the appeal from the judgment of conviction. Present — Beldock, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.

■ PHYLLIS RUCHMAN, Respondent, v. LAWRENCE RUCHMAN, Appellant.— In an action for a separation, the complaint alleges abandonment as a first cause of action and cruelty as a second cause. The appeal is from an order denying a motion, under rule 106 of the Rules of Civil Practice, to dismiss the second cause for insufficiency. Order affirmed, with $10 costs and disbursements. No opinion. Beldock, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.

■ GRACE WALKER et al., Respondents, v. 2912 EMMONS AVENUE CORP. et al., Defendants, and THOMAS F. CASH & SONS, Appellant.— In an action to recover damages for personal injuries suffered by respondent Grace Walker as a consequence of stepping upon a repaved cement sidewalk, a segment of which crumbled, and by her husband for medical expenses and loss of services, the appeal is from a judgment, entered after trial by the court without a jury, insofar as it is in favor of respondents and against appellant. Judgment unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.

■ DANNY B. TAYLOR, Appellant, v. CHARLES GRACI et al., Respondents.— In an action to recover damages for personal injuries, the appeal is from an order denying appellant's motion to vacate the dismissal of the action on the call of a Special Pretrial Calendar and to restore it to the Deferred Calendar. Order reversed, without costs, and motion granted. The case had been deferred and therefore was improperly placed on the Special Pretrial Calendar. In the light of the deferment, the excusable nature of the default and the apparent failure of either party to answer said call, the cause should be restored to its deferred position. Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ., concur.

## THIRD DEPARTMENT, JANUARY, 1956

### (January 25, 1956)

■ CITY OF ALBANY, Respondent, v. COPLIN YARAS, Appellant, et al., Defendants.— Application for stay granted, conditioned upon defendant-appellant being ready to argue the appeal at the present term of court. The case may be placed on the calendar of the present term at the foot thereof. Present — Foster, P. J., Coon, Halpern, Zeller and Gibson, JJ.

■ EMANUEL BACCOLAS, Respondent, v. JANET BEGA, Also Known as JANET B. GORDON, Appellant.— Application by defendant-appellant for a stay pending the determination of the appeal herein granted, without costs. Present — Foster, P. J., Coon, Halpern, Zeller and Gibson, JJ.